IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WESTERN WORLD INSURANCE CO., ) | |
| ) | |
|     Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v. ) | Cause No. 05-CV-880-WDS |
| ) | |
| JACKIE JOHNSON, d/b/a FAMILY ) | |
| MATTERS AND MOORE AND ) | |
| SAM'S CARRYOUT, ) | |
| ) | |
|     Defendant/Counterclaim Plaintiff. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff/counterclaim defendant Western World Insurance Company's motion for summary judgment (Doc. 27), to which defendant has filed a response (Doc. 30), a memorandum in opposition (Doc. 31), and a statement of facts in opposition (Doc. 32-1); plaintiff then filed a reply to plaintiff's statement of facts (Doc. 33), and a reply to defendant's opposition to their summary judgment motion (Doc. 34). After obtaining leave from the Court, plaintiff later filed a supplement to its motion for summary judgment (Doc. 40-1),[1] and defendant responded (Doc. 41).

## BACKGROUND

Plaintiff Western World Insurance Company ("Western World") filed this declaratory judgment action on December 16, 2005. Defendant Jackie Johnson, through her husband Roszell Johnson, applied for and received an insurance policy from Western World, policy number NPP913811, effective July 9, 2004. According to the terms of the policy, the policy provided insurance coverage to a restaurant—Jackie Johnson d/b/a Family Matters & Moore & Sam's

---

[1] The Court notes that an inordinate number of pleadings have been filed regarding this one motion for summary judgment. While the Court will review all the pleadings when determining the present motion, the parties are referred to Local Rule 7.1(c) for guidance as to appropriate motion practice.

Carryout—located at 1503 Kingshighway Avenue, Washington Park, Illinois. (Doc. 1, Ex. 3). On February 10, 2005, fire heavily damaged the building and business property covered by the policy. Plaintiff alleges that the state fire marshal described this fire as an arson fire. (Doc. 1, ¶ 8).

Defendant filed a claim with plaintiff, alleging damages resulting from the fire totaling $200,097.91. (Doc. 1, Ex. 7). Plaintiff alleges that in accordance with the terms of the policy, plaintiff repeatedly made oral and written requests to defendant for a sworn statement under oath and other information and documents regarding the alleged losses. Plaintiff argues that defendant has been uncooperative in its investigative efforts, refusing to provide requested documents and refusing to appear on the scheduled date of April 26, 2005, for purposes of giving a recorded statement. Plaintiff alleges that after her initial failures to cooperate, defendant agreed that she and her husband would appear for an examination under oath on July 6, 2005, and at which time she would also produce the requested documents. However, plaintiff further alleges that on July 6, 2005, defendant's counsel informed plaintiff that defendant was not going to appear for the examination under oath, nor was she, or her husband, going to produce any documents. Citing her failure to cooperate, plaintiff ultimately rejected defendant's request for payment on the claim.

Plaintiff asserts that under the provisions of the policy, defendant has a duty to cooperate in its investigation of the loss, and that under Illinois law, plaintiff has a contractual right to examine the books or invoices and have the insured submit to an examination under oath. Plaintiff seeks a judgment declaring that insurance policy number NPP913811 is void *ab initio* or, in the alternative, that the policy provides no coverage for the subject fire damage. (Doc. 1). Plaintiff now moves for summary judgment. (Doc. 27). Plaintiff argues that it is entitled to summary judgment because the terms and conditions of the policy require an insured to produce

documents and participate in an examination under oath, plaintiff requested that defendant actually produce documents and participate in an examination under oath, and defendant failed and refused to comply with plaintiff's requests. (Doc. 29, p. 4).

The policy states, in pertinent part:

> Duties In The Event of Loss Or Damage
>
> a.  You must see that the following are done in the event of loss or damage to Covered Property:
>
>     . . .
>
>     5)  At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.
>
>     6)  As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.
>
>     7)  Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.
>
>     8)  Cooperate with us in the investigation or settlement of the claim.
>
> b.  We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

(Doc. 1, Ex. 3).

## STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to

3

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party initially bears the burden to demonstrate an absence of genuine issues of material fact, indicating judgment should be granted as a matter of law. *See, Lindemann v. Mobil Oil Corp.*, 141 F.3d 290, 294 (7th Cir. 1998) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once a motion for summary judgment has been made and properly supported, however, the nonmovant has the burden of setting forth specific facts showing the existence of a genuine issue for trial. *See, id.* In determining whether a genuine issue of material fact exists, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable and justifiable inferences in that party's favor. *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995).

## ANALYSIS

When neither party raises a conflict of law issue in a diversity case, the federal court simply applies the law of the state in which the federal court sits. *Wood v. Mid-Valley, Inc.*, 942 F.2d 425, 426 (7th Cir. 1991). Accordingly, the Court will apply Illinois substantive law in arriving at its decision.

**Plaintiff's Denial of Coverage**

The Illinois Supreme Court has found that the production of an insured's books and records, when requested, is a reasonable condition precedent to recovery. *Horton v. Allstate Ins. Co.*, 467 N.E.2d 284, 285 (Ill. Ct. App. 1984). While summary judgment is inappropriate where the insured party has made some effort to comply with the insurer's request for information, but their cooperation was either late or complete, *Hartshorn v. State Farm Ins. Co.*, 361 Ill. App.3d 731, 733 (Ill. App. Ct. 2005), summary judgment may be awarded where the insured has made no effort to comply with the insurer's requests. *Horton*, 467 N.E.2d *at* 285; *see also*, *Purze v.*

4

*Am. Alliance Ins. Co.*, 781 F. Supp. 1289, 1292-93 (Ill. N.D. 1991).

In her response to plaintiff's motion, defendant states that she is willing to fully cooperate with plaintiff "from this date forth" (*see* Doc. 31, p. 3), but that plaintiff has not recently asked to depose her, that plaintiff's refusal to pay her insurance claim is vexatious and without reasonable cause, and that defendant's alleged noncompliance has not caused prejudice to plaintiff. Defendant does not deny that she has not provided answers to plaintiff's interrogatories that were due October 11, 2006. She does not deny that she has not made required Fed.R.Civ.P. Rule 26(a) disclosures. She also admits that she has failed to produce requested documents and submit to a statement under oath. (Doc. 31, p. 4).

The Court **FINDS** that defendant has not cooperated with plaintiff, as required under the terms of the policy. Her statement that she is now willing to cooperate is not consistent with her behavior, and her claim that plaintiff has not recently asked to depose her is unfounded. Further, as stated above, plaintiff has the legal right to obtain defendant's cooperation in its investigation, and her failure to do so provides a reasonable basis for denying coverage. The policy itself provides reason enough for plaintiff to insist on defendant's cooperation; however, the fire marshal's report provides an even greater basis for demanding defendant's sworn statement and access to requested documents. Plaintiff's rejection of plaintiff's damages claim was not vexatious or unreasonable. Defendant's final argument also fails, as plaintiff does not have to establish prejudice from the noncompliance. *Purze*, 781 F. Supp. *at* 1292.

**Defendant's Counterclaim**

On April 27, 2006, defendant Jackie Johnson filed a counterclaim against Western World alleging vexatious and unreasonable denial of an insurance claim, and requested punitive damages. Western World filed a motion to strike defendant's counterclaim, arguing that 215 ILCS 5/155 precludes a recovery of punitive damages. The Court agreed, struck defendant's counterclaim and ordered defendant to file an amended counterclaim within fifteen (15) days of its August 21, 2006, Order. (Doc. 26). To date, defendant has not done so. Thus, for purposes of clarity, the Court notes that despite defendant Johnson's repeated use of the terms "counterplaintiff" and "counterdefendant," there is no pending counterclaim in this matter.

## CONCLUSION

For the reasons set forth above, the Court **FINDS** that there remains no genuine issue as to any material fact and that the plaintiff is entitled to a judgment as a matter of law. Accordingly, plaintiff's motion (Doc. 27) is **GRANTED** on all grounds raised. Summary judgment is **GRANTED** in favor of plaintiff Western World Insurance Company, and against defendant Jackie Johnson d/b/a Family Matters and Moore, and d/b/a Sam's Carryout on all claims, each party to bear its own costs.

**IT IS SO ORDERED.**

**DATED: April 12, 2007**

                                                **s/ WILLIAM D. STIEHL**
                                                       **DISTRICT JUDGE**